IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDERT ALLEN LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-485-WHA |
| ) | [WO] |
| MONTGOMERY COUNTY ) | |
| COMMISSION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, alleges that Defendants are: (1) denying him adequate medical care; (2) denying him access to the courts; (3), subjecting him to punishment in violation of the Fourteenth Amendment by inflicting on him arbitrary and severe housing conditions; and (4) forcing him to undergo psychiatric treatment and/or evaluation. Named as defendants are Sheriff D.T. Marshall, Wanda Robinson, Darryl Bailey, and the Montgomery County Commission. Plaintiff seeks damages, declaratory and injunctive relief, attorneys fees, costs, and trial by jury.

Upon review of the complaint, the court concludes that Plaintiff's complaint against the Montgomery County Commission is due to be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(I-iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the

**I. DISCUSSION**

Plaintiff names the Montgomery County Commission as a defendant in this action. Plaintiff makes no specific allegations against the Commission. To the extent he seeks to hold the Commission liable with regard to the claims alleged in the complaint, however, the law is settled that county commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Montgomery County Commission are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (iii).

**II. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Montgomery County Commission be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

---

payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2.  The Montgomery County Commission be DISMISSED as a defendant to this cause of action; and

3.  This case with respect to Plaintiff's claims against the remaining defendants be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **August 12, 2013,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of July, 2013.

3

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE