IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDERT ALLEN LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-485-WHA |
| ) | [WO] |
| DERRICK CUNNINGHAM, SHERIFF, ) | |
| MONTGOMERY COUNTY,[1] *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama when he filed this action, brings the instant civil rights suit under 42 U.S.C. § 1983 alleging claims of inadequate medical care, a denial of due process, and a denial of access to court. Named as defendants are D.T. Marshall, former Sheriff of Montgomery County, Alabama; Colonel Wanda Robinson; and Darryl Bailey. Plaintiff seeks damages and declaratory and injunctive relief.[2] Doc. #s 1, 13.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. ## 20, 21. In these filings, Defendants deny that they acted in violation of Plaintiff's constitutional rights. *Id.* Defendants also argue that Plaintiff's complaint against them is due to be dismissed because, prior to filing this cause of action, Plaintiff failed to

---

[1] In light of the suggestion of death on the record for Defendant D.T. Marshall (Doc. # 30), Sheriff Derrick Cunningham is hereby SUBSTITUTED for former Sheriff Marshall as the proper party. *See* Rule 25(d), *Federal Rules of Civil Procedure.*

[2] The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

exhaust an administrative remedy available to him at the Montgomery County Detention Facility. Doc. # 21 at 6-7. Defendants base their exhaustion defense on Plaintiff's failure to follow the required administrative procedures at the detention facility regarding the claims presented. *Id*. Exhs. 2, 3.

Upon receipt of Defendants' special report, the court issued an order on October 23, 2013, providing Plaintiff an opportunity to file a response to Defendants' special report in which he was advised, among other things, to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. # 23 at 1 (footnote omitted). The order advised Plaintiff that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 3. The order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of the order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law."  *Id.* at 3-4.

Plaintiff responded to Defendants' report. Doc. # 26. Plaintiff's response is neither sworn nor made under penalty of perjury. It is not an affidavit as required by Fed.R.Civ.P. 56(e), nor does it satisfy the verification requirement of 28 U.S.C. § 1746. Plaintiff's unsworn statements in his opposition, therefore, will not be considered as they do not constitute evidence that the court may consider on a dispositive motion and that could be deemed to create a genuine issue of material fact. *See Holloman v. Jacksonville Housing Auth*., 2007 WL 245555 at *2 (11th Cir. 2007) (per curiam) ("unsworn statements, even from *pro se* parties, should not be 'consider[ed] in

determining the propriety of summary judgment' ") (quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam));[3] *see also Black v. Alabama Dep't of Corr.*, 578 Fed. App'x 794, 796 n.2 (11th Cir. 2014); *Nicholson v. Georgia Dep't of Human Resources*, 918 F.2d 145, 148 n.1 (11th Cir. 1990). Accordingly, the court will treat Defendants' report as motion to dismiss regarding the exhaustion defense. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

## I. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e concerning exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

> the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

## II. DISCUSSION

**A. Exhaustion**

Plaintiff challenges certain conditions to which he allegedly was subjected during his incarceration at the Montgomery County Detention Facility. Defendants deny Plaintiff's allegations and maintain tha this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided at the Montgomery County Detention Facility prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. # 21 at 6-7, Exhs. 2, 3.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system

5

can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F.3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Montgomery County Detention Facility provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. # 21, Exhs. 2, 3. The grievance procedure allows an inmate to submit grievances verbally or in writing to jail personnel regarding matters/conditions at the facility. The grievance procedure provides that a written grievance should be submitted on an inmate grievance form and placed in the mailbox in

the dayroom of the inmate's cellblock. The policy requires jail administration personnel to review the inmate grievance, and after prompt and fair consideration of the grievance, to take appropriate action as warranted. Doc. # 21, Exh. 3 at 25.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss. Plaintiff filed a response. Doc. # 26. However, as explained, the response is not evidence that the court may consider in opposition to Defendants' dispositive motion. It is, thus, undisputed that Plaintiff failed to exhaust an available administrative remedy. The court, therefore, finds that a grievance system was available at the Montgomery County Detention Facility for Plaintiff's claims, but he failed to exhaust an administrative remedy available to him at the detention facility regarding the allegations in the complaint prior to seeking federal relief, a precondition to proceeding in this court on his claims.

It is likewise clear that access to the grievance procedure ceased after Plaintiff filed this case, and the administrative remedy provided by Defendants is no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

### B. Defendant Bailey

On July 12, 2013, the court entered an order of procedure directing service of the

complaint on Defendant Bailey and directing that he file an answer and written report to Plaintiff's complaint. Doc. # 4. Service was attempted on Defendant Bailey but was not perfected because he was unknown at the address provided by Plaintiff. *See generally* Rule 4(m), *Federal Rules of Civil Procedure*. Even had service been effected on Defendant Bailey, the court finds that the complaint against him is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Defendant Bailey is the Chief Deputy District Attorney for Montgomery County, Alabama. *See* Doc. # 21 at Exh. 1 at Attachments. To the extent that Plaintiff challenges Defendant Bailey's conduct in initiating and prosecuting criminal charges against him, he is entitled to no relief.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

Plaintiff's claims against Defendant Bailey, to the extent they arise from this Defendant's role "as an advocate for the state," are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Bailey is "entitled to absolute immunity for that conduct." *Id*. Plaintiff's complaint for damages against Defendant Bailey is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490

U.S. 319 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions to dismiss (Doc. # 21) be GRANTED to the extent that Defendants seek dismissal of this case due to Plaintiff's failure to exhaust an administrative remedy available to him at the Montgomery County Detention Facility prior to initiating this cause of action;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Montgomery County Detention Facility;

3. The complaint against Defendant Bailey be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

4. No costs be taxed.

It is further

ORDERED that **on or before August 29, 2016**, the parties may file an objection to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 15th day of August, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge