IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDERT ALLEN LINDSEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:13CV485-WHA |
| DERRICK CUNNINGHAM, etc., et al., | ) (WO) |
| Defendants. | ) |

# **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (#45) and the Plaintiff's Objection thereto (Doc. #46).

This is a 42 U.S.C. §1983 action in which the Plaintiff claims that he was denied adequate medical care while incarcerated in the Montgomery County Detention Facility. He sued the Sheriff of Montgomery County (Cunningham), the Director of Detention at the Montgomery County Jail (Robinson), and the Chief Deputy District Attorney for Montgomery County (Bailey). Bailey was never served. The Magistrate Judge treated Defendants Cunningham and Robinson's Supplemented Special Report as a motion to dismiss for failure to exhaust administrative remedies available to him at the Detention Facility before filing this action.

The Magistrate Judge held an evidentiary hearing on December 8, 2016 on the exhaustion issue and on February 1, 2017 entered her Recommendation that the suit be dismissed as to Cunningham and Robinson for failure of the Plaintiff to exhaust his available administrative remedies prior to filing suit and that the claims against Bailey be dismissed on grounds of absolute immunity.

In accordance with the law of this circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing; considering all exhibits before the court; and fully considering the objections of the Defendant. *See Jeffrey S. by Ernest S. v. State Bd. Of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). "Credibility findings of a magistrate judge, 'who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings*, 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D. Del.1984)). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and finds no reason to question the Magistrate Judge's credibility assessments.

The Plaintiff contended that he did file grievance forms before filing suit and Cunningham testified that he did not, because the forms would be in the facilities' records, and are not, and the Plaintiff would have been given copies of responses. The Magistrate Judge's

findings on this issue depended on her credibility judgments after seeing and hearing the witnesses and reviewing the documents.[1]

After reading a transcript of the hearing the court agrees with the Magistrate Judge's credibility determinations and factual findings that the Plaintiff failed to exhaust his available administrative remedies, for the reasons set out in the Recommendation. The Plaintiff's Objection merely disagrees with that finding and the court finds the objection to be without merit.

The Plaintiff's objection to the Magistrate Judge's recommendation as to dismissal of the suit as to Bailey on the basis of absolute immunity is, likewise, without merit.

Therefore, it is hereby ORDERED as follows:

1. The Plaintiff's Objection is OVERRULED.
2. The court adopts the Recommendation of the Magistrate Judge.
3. The Motion to Dismiss (Doc. #21) is GRANTED to the extent that it seeks dismissal for Plaintiff's failure to exhaust an available administrative remedy prior to filing this action.
4. This case is DISMISSED with prejudice as to Defendants Cunningham and Robinson under 42 U.S.C. 1997e(a).
5. This case is DISMISSED with prejudice as to Defendant Bailey under 28 U.S.C. 1915(e)(2)B)(i).
6. Final Judgment will be entered accordingly and no costs will be taxed.

Done this 30th day of March, 2017.

---

[1] Although the documents are referred to in the Recommendation by Defendants' exhibit numbers, they were copies of the documents submitted by the Plaintiff in earlier filings but offered by the Defendants.

/s/ W. Harold Albritton

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE